UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHI HEALTH, LLC,<br><br>*Plaintiff*,<br><br>-v-<br><br>OPTIMUM CHOICE, INC., D/B/A UNITED HEALTHCARE,<br><br>*Defendants.* | : | Case No.<br><br>**NOTICE OF REMOVAL** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND:**

**PLEASE TAKE NOTICE THAT** Defendant, Optimum Choice, Inc., d/b/a United Healthcare ("Optimum"), hereby submits this notice of removal of this case from the Circuit Court for Howard County, Maryland, where it is now pending, to the United States District Court for the District of Maryland. The basis of this removal is that this court has original jurisdiction over the causes of action in the Complaint, which arise under the laws of the United States. 28 U.S.C. §§ 1331, 1441. This Notice of Removal has been timely filed under 28 U.S.C. §1446(b). In support of removal, Optimum states the following:

**TIMELINESS OF REMOVAL AND COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

1. On or about May 27, 2025, Plaintiff PHI Health, LLC ("Plaintiff") initiated this case by filing a Summons and Complaint in the Circuit Court for Howard County, Maryland, captioned *PHI Health, LLC v. Optimum Choice, Inc. d/b/a United Healthcare*, Case No. C-13-CV-25-000499 (the "State Court Action"). A copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

2. Optimum was served with the Summons and Complaint on June 17, 2025. Copies of the affidavits of service and all documents served on the Defendants in the State Court Action are attached hereto as **Exhibit 2**.

3. In accordance with 28 U.S.C. § 1446(a), no other process, pleadings, or orders have been served on United Healthcare in the State Court Action.

4. The filing of this Notice of Removal is timely because it is within thirty (30) days of the date that Optimum first received notice that this action became removable on the federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1446(b).

5. The venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for District of Maryland embraces the Circuit Court for Howard County, Maryland, where the State Court Action is pending.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal and attached exhibits, is being filed with the Circuit Court for Howard County, Maryland, and served upon counsel for Plaintiff. A true and correct copy of the Notice to the State Court of Filing of Notice of Removal is attached hereto as **Exhibit 3**.

7. In filing this Notice of Removal, Optimum does not waive, and to the contrary expressly preserves, any and all rights and defenses it may assert by motion or otherwise with respect to the action and Complaint.

## GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICITON

8. This case is removable to federal court because Plaintiff's claims in the Complaint arise entirely under federal law. 28 U.S.C. §§ 1331; 1441(a).

9. Section 1441authorizes a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

10. "The language of [section 1441] obviously permits the removal of a case that contains only claims that 'arise under' federal law" because federal courts have "'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Wisconsin Dep't of Corrections v. Schact*, 524 U.S. 381, 386 (1998) (quoting 28 U.S.C. § 1331); *see also Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F. 4th 271, 279 (4th Cir. 2022).

11. To determine whether a claim "arises under" the laws of the United States, courts adopt the "well-pleaded complaint rule," which "assess[es] whether the plaintiff's cause of action – as stated on the face of the complaint – has some basis in federal law." *Old Dominion Elec. Coop.*, 24 F.4th at 279 (quoting *Merrell Dow Pharms Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986)). Claims alleged to be "directly created" by federal law necessarily justify removal based on federal question jurisdiction. *See id.*; *see also Home Health Servs., Inc. v. Currie*, 531 F. Supp. 476, 477 (D.S.C. 1982); *aff'd*, 706 F.2d 497 (4th Cir. 1983) (federal question was an "essential element" of the plaintiff's claim asserting an implied cause of action under Medicare statutes, as "gravamen of plaintiff's action" was a violation of federal law).

12. Here, Plaintiff, an air-ambulance provider, asserts a purported implied cause of action under the federal No Surprises Act ("NSA"), Public Law No. 116-260. Plaintiff asserts that the NSA establishes a federal independent dispute resolution ("IDR") process to determine the out-of-network rate for air ambulance services. Compl. ¶¶ 8-11 (citing 42 U.S.C. § 300gg-111; 300gg-112; 29 U.S.C. §§ 1185e, 1185f).

13. Plaintiff alleges that it timely initiated the NSA's IDR proceeding against Optimum and was awarded $31,480.93 pursuant to that process. Compl. ¶¶ 12-13. Plaintiff asserts two causes of action against Optimum to recover the alleged unpaid amount awarded through the IDR proceeding.

14. First, Plaintiff pleads a direct cause of action under the federal NSA, which it alleges, implies a right of action to recover the amount awarded through the IDR process "30 days after the date on which the determination is made." Compl. ¶¶ 20-24 (Count II) (citing 42 U.S.C. §§ 300gg-112(a)(3); 300ggg-112(B)(6); 29 U.S.C. §§ 1185e, 1185f). Because "the gravamen of [P]laintiff's action is the violation of [the NSA] . . , there can be little doubt that a federal question constitutes an essential element of the asserted claim." *Home Health Servs.*, 531 F. Supp. at 478.

15. Plaintiff also asserts a cause of action under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the IDR Award. Compl. ¶¶ 15-19 (Count I). The FAA does not confer independent original jurisdiction on courts of the United States; but this Court has an "independent jurisdictional basis" over Plaintiff's complaint, which through Count II "alleges that federal law (beyond [the FAA]) entitles [it] to relief." *Badgerow v. Walters*, 596 U.S. 1, 9 (2022). Further, the existence of the IDR award, and Plaintiff's alleged entitlement to judicial relief (if any), arises solely from the NSA. *See* Compl. ¶¶ 15-19.

16. In sum, Plaintiff's claims arise solely under the NSA—a federal statute. Removal of the Complaint from state to federal court is proper under 28 U.S.C. § 1441(a).

17. Optimum reserves the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

**WHEREFORE**, the State Court Action, pending in the Circuit Court for Howard County, Maryland, is hereby removed therefrom to this Court. Optimum further requests that this matter should remain in federal district court and that this court exercise jurisdiction over all claims stated in Plaintiff's Complaint.

Dated: July 17, 2025

Respectfully submitted,

/s/ *David E. Carney*

David E. Carney (Bar No. 17766)
ROBINSON & COLE LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (771) 213-5650
Fax: (771) 213-5651
Email: dcarney@rc.com

*Attorneys for Defendant*
*Optimum Choice, Inc. d/b/a United Healthcare*