# EXHIBIT 1



**CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND**

9250 Judicial Way, Ellicott City, Maryland, 21043

Main: 410-313-2111
Civil: 410-313-3844
Criminal: 410-313-3822
Juvenile: 410-313-3827
Land Records: 410-313-5850
Calendar Office: 410-313-4185
Family Law: 410-313-2225

**To:** OPTIMUM CHOICE, INC.
DBA UNITED HEALTHCARE
SERVE ON: THE CORPORATION TRUST INC.
2405 YORK ROAD, SUITE 201
LUTHERVILLE TIMONIUM, MD 21093

**Case Number:** C-13-CV-25-000499
**Other Reference Number(s):**
**Child Support Enforcement Number:**

**PHI HEALTH, LLC VS. OPTIMUM CHOICE, INC.**

Issue Date: 5/28/2025

# WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

PHI HEALTH, LLC
2800 44th Street, 800
Phoenix, AZ 85008

This summons is effective for service only if served within 60 days after the date it is issued.

*Wayne A. Robey*

Wayne A. Robey
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

# SHERIFF'S RETURN
(please print)

To: OPTIMUM CHOICE, INC.

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
                        Name of person served

on _____ at _____
       Date of service                    Location of service

_____ by _____ with the following:
                                Manner of service

☐ Summons                          ☐ Counter-Complaint
☐ Complaint                        ☐ Domestic Case Information Report
☐ Motions                          ☐ Financial Statement
☐ Petition and Show Cause Order    ☐ Interrogatories
☐ Other _____
         Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address    ☐ No such address
☐ Address not in jurisdiction         ☐ Other
                                              _____
                                              Please specify

Sheriff fee: $ _____ ☐ waived by _____

_____  _____
Date                Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

E-FILED; Howard Circuit Court
Docket: 5/27/2025 4:19 PM; Submission: 5/27/2025 4:19 PM
Envelope: 21300019

IN THE CIRCUIT COURT FOR <u>Howard County</u>
<u>(City/County)</u>

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF  ☐ DEFENDANT   **CASE NUMBER** C-13-CV-25-000499
(Clerk to insert)
**CASE NAME:** <u>PHI Health, LLC</u> vs. <u>Optimum Choice, Inc.</u>
            Plaintiff                                    Defendant
**PARTY'S NAME:** <u>PHI Health, LLC</u>                **PHONE:** _____
**PARTY'S ADDRESS:** _____
**PARTY'S E-MAIL:** _____

**If represented by an attorney:**
**PARTY'S ATTORNEY'S NAME:** <u>Aidan F. Smith; Ryan J. Carter</u>   **PHONE:** <u>(410) 938-8800</u>
**PARTY'S ATTORNEY'S ADDRESS:** <u>901 Dulaney Valley Road, Suite 500, Towson, Maryland 21204</u>
**PARTY'S ATTORNEY'S E-MAIL:** <u>asmith@pklaw.com; rcarter@pklaw.com</u>
**JURY DEMAND?** ☐ Yes ☒ No
**RELATED CASE PENDING?** ☐ Yes ☒ No  If yes, Case #(s), if known: _____
**ANTICIPATED LENGTH OF TRIAL?:** ____ hours <u>1</u> days

### PLEADING TYPE
**New Case:** ☒ Original   ☐ Administrative Appeal   ☐ Appeal
**Existing Case:** ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case,* skip Case Category/Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☒ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☒ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 12/2022)              Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☒ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☒ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☒ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.    ☐ Liability is not conceded, but is not seriously in dispute.    ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|
| ☐ Under $10,000    ☐ $10,000 - $30,000    ☒ $30,000 - $100,000    ☐ Over $100,000 |
| ☐ Medical Bills $ _____    ☐ Wage Loss $ _____    ☐ Property Damages $ _____ |
| **ALTERNATIVE DISPUTE RESOLUTION INFORMATION** |
| Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply) |
| A. Mediation     ☐ Yes ☒ No          C. Settlement Conference    ☐ Yes ☒ No |
| B. Arbitration   ☐ Yes ☒ No          D. Neutral Evaluation        ☐ Yes ☒ No |
| **SPECIAL REQUIREMENTS** |
| ☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041** |
| ☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049** |
| **ESTIMATED LENGTH OF TRIAL** |
| *With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.* |
| *(Case will be tracked accordingly)* |
| ☒ 1/2 day of trial or less          ☐ 3 days of trial time |
| ☐ 1 day of trial time                ☐ More than 3 days of trial time |
| ☐ 2 days of trial time |
| **BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM** |
| *For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.* |
| ☐ **Expedited** - Trial within 7 months of Defendant's response    ☐ **Standard** - Trial within 18 months of Defendant's response |
| EMERGENCY RELIEF REQUESTED |

CC-DCM-002 (Rev. 12/2022)                                Page 2 of 3

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* |
| ☐ **Expedited** - Trial within 7 months of Defendant's response       ☐ **Standard** - Trial within 18 months of Defendant's response |

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) ||
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

| CIRCUIT COURT FOR BALTIMORE COUNTY ||
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

_5/27/2025_
Date

901 Dulaney Valley Road, Suite 500
Address

Towson            MD        21204
City              State     Zip Code

_[signature]_  2012170204
Signature of Attorney / Party    Attorney Number

Ryan J. Carter
Printed Name

CC-DCM-002 (Rev. 12/2022)        Page 3 of 3

IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

| | | |
|---|---|---|
| PHI HEALTH, LLC<br>2800 44th Street, 800<br>Phoenix, AZ 85008 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| OPTIMUM CHOICE, INC.<br>d/b/a UNITED HEALTHCARE<br>10175 Little Patuxent Pkwy<br>6th Floor<br>Columbia, MD 21044 | * | Case No.: C-13-CV-25-000499 |
| | * | |
| | * | |
| | * | |
| SERVE ON:<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093 | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff, PHI Health, LLC ("PHI"), by its undersigned counsel, pursuant to Sections 3-202, 3-206, 3-227, and 3-228 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code, petitions this Court to confirm and enter judgment upon an Arbitration Award against Defendant Optum Choice, Inc. d/b/a United Healthcare ("UHC").

### INTRODUCTION

PHI Health, LLC ("PHI" or "Plaintiff") brings this complaint to recover damages in the amount of $31,480.93,[1] in addition to applicable fees, costs, and interest in connection with PHI's

---

[1] This is the amount awarded in the IDR arbitration, less amounts already paid and patient responsibility (also referred to herein as "IDR Balance Owed").

air medical transport of a patient covered by UHC. This amount has already been held reasonably priced by a qualified, independent arbitrator; UHC simply refuses to pay it.

## PARTIES

1. Plaintiff PHI is a limited liability company organized under the laws of the State of Louisiana with its principal place of business in Phoenix, Arizona.

2. Defendant Optum Choice, Inc., is a Maryland corporation with its principal place of business in Columbia, Maryland. Optum Choice is the insurer of an ACA Marketplace plan sold under the United Healthcare brand.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is appropriate under Maryland Code, Courts and Judicial Proceedings Article § 6-103.

4. Venue in this action is proper in Howard County pursuant to Maryland Code, Courts and Judicial Proceedings Article § 6-201, because Defendant UHC's headquarters is in Columbia, Howard County, Maryland.

## FACTS COMMON TO ALL COUNTS

**A.  PHI Provided Air Ambulance Services; Defendant Underpaid PHI For Those Services.**

5. PHI supplied emergency air ambulance transport services to the following member of the Plan:

> Year of Service: 2024
> Policy Number: 127916088
> Claim No.: R24A59605100

6. PHI sent the Plan a bill for these emergency medical services. As set forth at Chart 1 *infra*, UHC sent PHI an "Explanation of Benefits" ("EOB") form setting forth two initial

2

payments to PHI for the two service codes for this transport and specified the patient's "cost sharing" amount.

7. Because the initial payment was deficient, PHI turned to the dispute resolution plan set forth in the No Surprises Act ("NSA").

**B.  PHI Initiated and Prevailed in NSA Arbitration.**

 **1.  Background on NSA**

8. The NSA creates an obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services. If the provider deems the reimbursement paid by the group health plan or insurer to be deficient, the NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case.

9. First, the parties are required to negotiate. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K); 29 U.S.C. § 1185e, 1185f.

10. The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. 42 U.S.C. § 300gg-112(b)(5); 29 U.S.C. § 1185e, 1185f. The IDR entity considers a number of factors, and, based on those factors, "select[s] one of the offers submitted . . . to be the amount of payment."

11. The IDR entity's "determination" is made "binding" by the NSA. The group health plan or insurer must make the "payment required . . . directly to the nonparticipating provider not

3

later than 30 days after the date on which such determination is made" by the IDR entity. 42 U.S.C § 300gg-112(a)(3) and (b)(6); 29 U.S.C. § 1185e, 1185f.

### 2. PHI Filed Arbitration and Prevailed, Yet Defendant Refuses to Pay.

12. PHI timely initiated open negotiations on March 4, 2024, within 30 business days of its initial adjudication of the claim. When the dispute was not resolved after the open negotiations period, PHI timely initiated Independent Dispute Resolution (IDR) proceedings against UHC.[2]

13. The IDR Entity(ies) issued Written Payment Determination Notices, which include the "IDR Award," the results of which are set forth in the attached Exhibit A-1 as well as in Chart 1 below. In sum, the amount of the IDR Award Balance Owed totals $31,480.93. To date, Defendant has not paid PHI the full amount it is owed.

CHART 1:

| Service Code | Billed Charges | Initial Payment | Patient's "Cost Sharing" | IDR Award | IDR Award Balance Owed[3] |
|---|---|---|---|---|---|
| Air Ambulance Base Charge[4] DISP-1251885[5]: | $41,939.89 | $10,458.96 | $0 | $41,939.89 | $31,480.93 |
| TOTAL | | | | | $31,480.93 |

14. PHI simply wants the funds to which it is entitled, whether through declaratory judgment, contract, or as a matter of equity.

---

[2] UHC later communicated to PHI that it filed a complaint regarding late notice; however, PHI complied with all applicable deadlines.
[3] The "IDR Award Balance Owed" is the IDR Award less prior payments and any cost-sharing responsibility of the patient.
[4] The Ambulance Base Charge service code for rotor-wing transports is A0431 and for fixed-wing transports is A0430.
[5] A copy of the IDR Award is attached as Exhibit A-1.

4

## COUNT I
### (Petition to Confirm Arbitration Award)

15. Plaintiff repeats, realleges, and incorporates by reference herein the averments of the previous paragraphs of this Complaint.

16. The IDR Award should be confirmed by judgment of this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

17. The IDR Award is valid and has not been vacated or set aside by any authority.

18. No grounds exist for vacating, modifying, or correcting the IDR Award.

19. Confirmation of the IDR Award necessitates a money judgment in PHI's favor in the total amount that Defendant is obligated to pay to PHI, namely, the IDR Award Balance Owed.

WHEREFORE, Plaintiff, PHI Health, LLC respectfully requests that this Court: (1) confirm the IDR Award in favor of Plaintiff in the amount of $31,480.93; (2) enter judgment in favor of the Plaintiff for $31,480.93; (3) award Plaintiff attorneys' fees and costs; and (4) grant such other and further relief as the cause may require.

## COUNT II
### (Implied Cause of Action Under NSA)

20. Plaintiff repeats, realleges, and incorporates by reference herein the averments of the previous paragraphs of this Complaint.

21. The NSA includes an implied right of action against Defendant for the amount owed to PHI.

22. Specifically, the NSA requires Defendant to make the "payment required . . . directly to [PHI] not later than 30 days after the date on which such determination is made" by the IDR entity. 42 U.S.C. § 300gg-112 (a)(3) and (b)(6); 29 U.S.C. § 1185e, 1185f.

23. The NSA thus requires Defendant to pay PHI the IDR Award Balance Owed for the transport at issue in this case.

24. Recently a court in the U.S. District Court for the District of Connecticut recognized the ability of a provider like PHI to bring a claim for enforcement of an IDR Award. *Guardian Flight, LLC v. Aetna Life Ins. Co.*, No. 3:24-CV-00680-MPS, 2025 WL 1399145 (D. Conn. May 14, 2025).

WHEREFORE, Plaintiff demands judgment against Defendant for $31,480.93, an award of attorneys' fees and costs, and such other and further relief as the cause may require.

/s/
Aidan F. Smith (AIS No. 0912170190)
Ryan J. Carter (AIS No. 2012170204)
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, MD 21204
asmith@pklaw.com
rcarter@pklaw.com
410-769-6153
667-275-3059 facsimile
*Counsel for Plaintiff*

## RULE 20-201 CERTIFICATE

I HEREBY CERTIFY that pursuant to Maryland Rule 20-201, this submission either does not contain any restricted information or, if it does contain restricted information, a redacted submission has been filed contemporaneously pursuant to Maryland Rule 20-201(f)(2).

/s/ Aidan F. Smith
Aidan F. Smith

6

# EXHIBIT A-1

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-1251885

ProPeer Resources, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1251885** and has determined that PHI Health, LLC is the prevailing party in this dispute.

Because only one party, PHI Health, LLC , submitted an offer and paid the corresponding fees, ProPeer Resources, LLC has determined that the out-of-network payment amount of  $41,939.89 offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number R24A59605100 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees. ProPeer Resources, LLC did not receive an offer and/or fees from UHC Optimum Choice . As a result, the certified IDR entity has found in favor of PHI Health, LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

  • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

  • **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. ProPeer Resources, LLC has determined that UHC Optimum Choice is the non-prevailing party in DISP-1251885 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1251885 was PHI Health, LLC. The initiating party's NPI is 1194066209 and TIN is 721404705. The non-initiating party was UHC Optimum Choice. The 90-calendar day cooling off period begins on May 24, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact ProPeer Resources, LLC. Include your IDR Reference number referenced above.

Thank you,

ProPeer Resources, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*